1

1    IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF TEXAS
2              FORT WORTH DIVISION

3    UNITED STATES OF AMERICA        .   CRIMINAL ACTION NO.
                                     .   4:15-CR-152-A-8
4    V.                              .
                                     .   Fort Worth, Texas
5    SHAWN TRAVIS CATHEY             .   August 7, 2015
     . . . . . . . . . . . . . . . .

6

7

8
                    TRANSCRIPT OF PROCEEDINGS
9                    (Rearraignment Hearing)
              BEFORE THE HONORABLE JOHN MCBRYDE
10              UNITED STATES DISTRICT JUDGE

11

12

13

14   APPEARANCES:

15   For the Government:          MR. SHAWN SMITH
                                  United States Attorney's Office
16                                801 Cherry Street, Suite 1700
                                  Fort Worth, Texas  76102-6897
17                                (817) 252-5200

18   For the Defendant:           MR. WILLIAM R. BIGGS
                                  Attorney at Law
19                                101 Summit Avenue, Suite 402
                                  Fort Worth, Texas  76102
20                                (817) 840-6750

21   Court Reporter:              MS. ANA P. WARREN
                                  U.S. District Court Reporter
22                                501 W. 10th Street, Room 502
                                  Fort Worth, Texas  76102-3637
23                                (817) 850-6681

24

     Proceedings recorded by mechanical stenography; transcript
25   produced by computer-aided transcription.

<u>**P R O C E E D I N G S**</u>

1

2     (Commencing, 9:45 a.m.)

3         THE COURT:  I have -- let's see how many -- I think

4     five rearraignments, maybe more than that -- no, five, three

5     in the same case and then two others.  I'm going to have one

6     after the other, all of the defendants and the defendants'

7     attorneys come forward, and I'll do some preliminary

8     questioning, and then I'll give all of you some explanations

9     that will be applicable to all of you, and then when I get to

10    the 4:15-CR-152 case, I'll give those three some additional

11    explanations that are applicable to those three.

12        So we'll start with the CR -- the 4:15-CR-152-A case.

13    After I give you those general explanations applicable to all

14    of you or three of you, then I'll call each one of you back.

15    Everybody will be seated except the very first defendant and

16    the first defendant's attorney.  I'll one after the other call

17    you back and ask personal questions and go through a procedure

18    uniquely applicable to each of the defendants one after the

19    other.

20        We'll start in Case Number 4:15-CR-152-A.  It's United

21    States of America versus -- and the first defendant is Angela

22    Cupit.  Mr. Smith is here on behalf of the government, and

23    Mr. Stickels is here on behalf of Ms. Cupit.

24        Ms. Cupit, raise your right hand to be sworn.

25        (Defendant Cupit sworn by the clerk)

1          THE COURT:  Ms. Cupit, do you understand that you're

2     now under oath and that if you answer any of my questions

3     falsely, your answers could later be used against you in a

4     prosecution for perjury or making a false statement?

5          DEFENDANT CUPIT:  Yes, sir, I do.

6          THE COURT:  And I take it you read, write,

7     understand, and speak the English language proficiently?

8          DEFENDANT CUPIT:  Yes, sir.

9          THE COURT:  What is your full name?

10          DEFENDANT CUPIT:  Angela Wannette Cupit.

11          THE COURT:  Spell that middle name for me.

12          DEFENDANT CUPIT:  W-A-T-T-E-T-T -- I'm sorry,

13     W-A-T-T-E-N -- hold on just a minute, W-A-N-N-E-T-T-E.

14     Sorry.

15          THE COURT:  Okay.  Why don't you and Mr. Stickels

16     step back just a minute and we'll come back to you shortly.

17          DEFENDANT CUPIT:  Okay.

18          THE COURT:  In the same case 4:15-CR-152-A, I'm now

19     calling forward Defendant Phillip Schenck, and he's

20     represented by Christopher Woodward.

21          MR. WOODWARD:  Good morning, Your Honor.

22          THE COURT:  Good morning.

23        Mr. Schenck, raise your right hand to be sworn.

24        (Defendant Schenck sworn by the clerk)

25          THE COURT:  Mr. Schenck, do you understand that

4

1   you're now under oath and that if you answer any of my

2   questions falsely, your answers could later be used against

3   you in a prosecution for perjury or making a false statement?

4         DEFENDANT SCHENCK:  Yes, sir, Your Honor, I do.

5         THE COURT:  And I take it you read, write,

6   understand, and speak the English language proficiently?

7         DEFENDANT SCHENCK:  Yes, sir, Your Honor, I do.

8         THE COURT:  And what is your full name?

9         DEFENDANT SCHENCK:  Phillip George Schenck.

10        THE COURT:  Okay.  Why don't you and your attorney

11  step back just a minute.  I'll come back to you shortly.

12      In this same case, 4:15-CR-152-A, I call forward now

13  Defendant Shawn Travis Cathey, and Mr. Biggs is here on behalf

14  of Mr. Cathey.

15        MR. BIGGS:  Good morning.

16        THE COURT:  Mr. Cathey, raise your right hand to be

17  sworn.

18      (Defendant Cathey sworn by the clerk)

19        THE COURT:  Mr. Cathey, do you understand that you're

20  now under oath and that if you answer any of my questions

21  falsely, your answers could later be used against you in a

22  prosecution for perjury or making a false statement?

23        DEFENDANT CATHEY:  Yes, Your Honor.

24        THE COURT:  And do you read, write, understand, and

25  speak the English language proficiently?

1          DEFENDANT CATHEY:  Yes, sir.

2          THE COURT:  What is your full name?

3          DEFENDANT CATHEY:  Shawn Travis Cathey.

4          THE COURT:  Why don't you and Mr. Biggs step back

5    just a minute.

6       Okay.  I'm calling forward now in a different case, this

7    is Cause Number 4:15-CR-136-A.  It's United States of America

8    versus Nicholas Scott Sides.  Mr. Cole is here for the

9    government, and Ms. Brennan is here for the defendant.

10      Mr. Sides, raise your right hand to be sworn.

11      (Defendant Sides sworn by the clerk)

12          THE COURT:  Mr. Sides, do you understand that you are

13   now under oath and that if you answer any of my questions

14   falsely, your answers could later be used against you in a

15   prosecution for perjury or making a false statement?

16          DEFENDANT SIDES:  Yes, Your Honor.

17          THE COURT:  Do you read, write, understand, and speak

18   the English language proficiently?

19          DEFENDANT SIDES:  Yes, Your Honor.

20          THE COURT:  And what is your full name?

21          DEFENDANT SIDES:  Nicholas Scott Sides.

22          THE COURT:  Why don't you and Ms. Brennan step back

23   just a minute, and I'll come back to you shortly.

24      The next one is Case Number 4:15-CR-109-A.  It's United

25   States of America versus Erik Miltonhall, and Ms. Saleem is

1    here for the government, and Mr. Fleury is here for the

2    defendant.

3         Mr. Miltonhall, raise your right hand to be sworn.

4         (Defendant Miltonhall sworn by the clerk)

5              THE COURT:  I didn't hear the answer.

6              DEFENDANT MILTONHALL:  I swear, Your Honor.

7              THE COURT:  Pardon?

8              DEFENDANT MILTONHALL:  I do.

9              THE COURT:  Do you understand that you are now under

10   oath and that if you answer any of my questions falsely, your

11   answers could later be used against you in a prosecution for

12   perjury or making a false statement?

13             DEFENDANT MILTONHALL:  Yes, Your Honor.

14             THE COURT:  Do you read, write, understand, and speak

15   the English language proficiently?

16             DEFENDANT MILTONHALL:  Yes, Your Honor.

17             THE COURT:  What is your full name?

18             DEFENDANT MILTONHALL:  Erik Shawn Miltonhall.

19             THE COURT:  S-H-A-W-N, the middle name?

20             DEFENDANT MILTONHALL:  Yes, Your Honor.

21             THE COURT:  Okay.  I have some explanations that I'm

22   going to give to all of the defendants in front of me that are

23   very important bearing in mind your intent to plead guilty to

24   a felony offense.  So listen closely.  I have before me now

25   Defendants Cupit, Schenck, Cathey, Sides, and Miltonhall.

1    I'll start by giving you some explanations about your

2    constitutional rights, the rights you would have if you were

3    to persist in your plea of not guilty, or if you plead not

4    guilty if you haven't already.  I think all of you have.

5         You and each of you may, if you choose, plead not guilty

6    to any offense charged against you or persist in that plea if

7    it already has been made.  If you plead not guilty, the

8    Constitution of the United States guarantees to you the

9    following rights:

10        The right to a speedy and public trial by a jury in this

11   district.  The right at such a trial for you to confront all

12   of the witnesses, that is, to see, hear, and cross examine all

13   of the witnesses.  The right at your trial to testify and

14   present evidence and compel the attendance of witnesses.  The

15   right to be represented by counsel, a counsel appointed by the

16   Court for you if necessary at trial and at every other stage

17   of the proceedings.

18        You cannot be compelled to testify, and you are to be

19   protected from compelled self-incrimination.  The decision of

20   whether you would testify or not is a matter in which your

21   judgment will control.

22        The United States Government must prove your guilt beyond

23   a reasonable doubt.  If you're found guilty, you have the

24   right to appeal your conviction.

25        Defendant Cupit, do you understand you have the

1    constitutional rights I've just described?

2         DEFENDANT CUPIT:  Yes, sir, I do.

3         THE COURT:  Defendant Schenck, do you understand you

4    have the constitutional rights I just described?

5         DEFENDANT SCHENCK:  Yes, sir, Your Honor.

6         THE COURT:  Defendant Cathey, do you understand you

7    have the constitutional rights I just described?

8         DEFENDANT CATHEY:  Yes, Your Honor.

9         THE COURT:  Defendant Sides, do you understand you

10   have the constitutional rights I just described?

11        DEFENDANT SIDES:  Yes, Your Honor.

12        THE COURT:  Defendant Miltonhall, do you understand

13   you have the constitutional rights I just described?

14        DEFENDANT MILTONHALL:  Yes, Your Honor.

15        THE COURT:  I want to give all of you some further

16   explanations that are very important bearing in mind your

17   intent to plead guilty.  So listen closely.

18       If you plead guilty and if such a plea is accepted by the

19   Court, there will not be a further trial of any kind.  So by

20   pleading guilty, you waive the right to a trial as well as

21   those other rights associated with a trial as I've described

22   them.

23       Generally, a defendant who is accused of a crime cannot

24   plead guilty unless he or she is actually guilty of that

25   crime.  In federal court, the judge determines the penalty if

1    a defendant is convicted whether it is on a verdict of a jury

2    or on a plea of guilty.  Other than the staff of the Court,

3    the Court has not and will not talk to anyone about the facts

4    of your case except here in your presence where you, your

5    attorney, and representatives of the government are all

6    present.

7        If you should be convicted, you and your lawyer each will

8    given an opportunity to present to the Court any pleas for

9    leniency.  The penalty will be decided on the basis of the

10   facts set forth in the presentence report and facts heard

11   here.

12       You should never depend or rely upon any statement or

13   promise by anyone, whether connected with a law enforcement

14   agency or the government or anyone else, as to what penalty

15   will be assessed against you.  Should you decide to plead

16   guilty, your plea of guilty must not be induced or prompted by

17   any promises, mental pressure, threats, force, coercion, or

18   pressure of any kind.  A plea of guilty must be purely

19   voluntary, and you should plead guilty only because you are

20   guilty and for no other reason.

21       Now, the offense to which you propose to plead guilty is a

22   felony.  An adjudication of guilt of such an offense may

23   deprive a defendant of valuable rights, such as the right to

24   vote, to hold public office, to serve on a jury, to possess

25   any kind of firearm, or other rights.

1     If convicted on a plea of guilty or a trial, a defendant

2  who is not a citizen of the United States may be removed from

3  the United States, denied citizenship and denied admission to

4  the United States in the future.

5     Defendant Cupit, have you understood the additional

6  explanations I've given you?

7          DEFENDANT CUPIT:  Yes, sir.

8          THE COURT:  Defendant Schenck, have you understood

9  the additional explanations I've given you?

10          DEFENDANT SCHENCK:  Yes, sir, Your Honor.

11          THE COURT:  Defendant Cathey, have you understood the

12  additional explanations I've given you?

13          DEFENDANT CATHEY:  Yes, Your Honor.

14          THE COURT:  Defendant Sides, have you understood the

15  additional definitions I've given you?

16          DEFENDANT SIDES:  Yes, Your Honor.

17          THE COURT:  Defendant Miltonhall, have you understood

18  the additional explanations I've given you?

19          DEFENDANT MILTONHALL:  Yes, Your Honor.

20          THE COURT:  Okay.  I'm going to give you some

21  additional explanations about the sentencing process.  They

22  are important bearing in mind your intent to plead guilty.  So

23  listen closely to these explanations.

24     Under the Sentencing Reform Act of 1984, the United States

25  Sentencing Commission has issued guidelines for judges to

1    follow in determining the sentence in a criminal case.  Those

2    guidelines have been determined to be advisory only, but they

3    are important because the Court must take the guideline

4    sentencing ranges into account when sentencing a defendant.

5        Now, before I go any further, I'm going to ask each of you

6    a question.

7        Ms. Cupit, have you and your attorney discussed how the

8    sentencing guidelines might apply to your case?

9            DEFENDANT CUPIT:  Yes, sir.

10            THE COURT:  Defendant Schenck, have you and your

11   attorney discussed how the sentencing guidelines might apply

12   to your case?

13            DEFENDANT SCHENCK:  Yes, sir, Your Honor.

14            THE COURT:  Defendant Cathey, have you and your

15   attorney discussed how the sentencing guidelines might apply

16   to your case?

17            DEFENDANT CATHEY:  Yes, Your Honor.

18            THE COURT:  Defendant Sides, have you and your

19   attorney discussed how the sentencing guidelines might apply

20   to your case?

21            DEFENDANT SIDES:  Yes, Your Honor.

22            THE COURT:  Defendant Miltonhall, have you and your

23   attorney discussed how the sentencing guidelines might apply

24   to your case?

25            DEFENDANT MILTONHALL:  Yes, sir.

1          THE COURT:  Okay.  Going on now with the explanations

2    about the sentencing process, in determining your sentence,

3    the Court is obligated to calculate the sentencing guideline

4    ranges applicable to your case and is required to consider

5    those ranges, possible departures under the sentencing

6    guidelines, and other sentencing factors under 18, United

7    States Code, Section 3553(a).

8      The Court is not bound by facts that are stipulated

9    between the defendant on the one hand and the government on

10   the other.  The Court can impose punishment that might

11   disregard stipulated facts or take into account facts not

12   mentioned in the stipulated facts.  You might not be permitted

13   to withdraw your plea of guilty in such an event.

14       The Court will not be able to determine the guideline

15   sentence for your case until after the presentence report has

16   been completed and you and the government have had an

17   opportunity to challenge the facts and conclusions reported by

18   the probation officer.  After the Court has determined what

19   guidelines apply to a case, the Court has the authority in

20   some circumstances to impose a sentence that is more severe or

21   less severe than the sentence called for by the guidelines.

22   Under some circumstances, the defendant or the government may

23   have the right to appeal any sentence the Court imposes.

24       Parole has been abolished, and if you're sentenced to

25   prison, you will not be released on parole.

1    Now, as soon as this proceeding is over as to each of you

2   this morning, your attorney will go across the hall with a

3   form that's been provided and arrange a time when the

4   probation officer who will be assigned to your case can

5   interview you.  Your attorney can be present when that

6   interview occurs if appropriate arrangements are made, and

7   I'll add that the degree of your cooperation with the

8   probation officer can be a factor in the severity of your

9   sentence.  That's something you will want to be sure and

10   discuss with your attorney.

11    The purpose of that interview is so the probation officer

12   assigned to your case can obtain from you the information you

13   have relevant to the sentencing process.  In addition to

14   obtaining information from you on that subject, the probation

15   officer will obtain information from other sources, such as

16   the prosecutor, the investigating agency, perhaps, your family

17   members, perhaps, your employer or former employers, and maybe

18   other sources.

19    Once the probation officer has enough information to form

20   opinions as to which of the sentencing guidelines apply to

21   your case and what the sentencing ranges are in your case, the

22   probation officer will prepare a written document called a

23   presentence report.  In that document, the probation officer

24   will put his or her opinions on those subjects and will recite

25   the facts that he or she relied on in reaching those opinions.

1    You will get a copy of the report applicable to you once it's

2    been prepared and the attorneys in your case each will get a

3    copy.  I'll get the original.  I rely very heavily on those

4    reports in determining what sentence to impose in a case.  So

5    they need to be as complete and as accurate as possible.

6        When you receive your copy of the report applicable to

7    you, be sure you study it over very carefully, and if you

8    think anything in it is incorrect or if you think

9    something's left out that ought to be in it, tell your lawyer

10   because your lawyer has a right to object to the report.  If

11   objections are made to the report, I'll rule on those at or

12   before the sentencing hearing.

13       Now, in this case the sentencing hearing as to Defendants

14   Cupit, Schenck and Cathey, your sentencing hearing will be at

15   9 o'clock a.m. on Wednesday, December 2, 2015.

16       In the case of Defendants Sides and Miltonhall, your

17   sentencing hearing will be at 9 o'clock a.m. on November 20,

18   2015.

19       In each instance, the sentencing hearing will be before me

20   in this courtroom.  Of course, you and your attorney both will

21   be permitted to speak on your behalf in mitigation at the

22   sentencing hearing.  I'll be signing an order today fixing

23   that time and date for sentencing as to each of you, and the

24   attorneys in your case will get a copy of that order, and your

25   attorney will see that you receive a copy.

1     Defendant Cupit, have you understood all the explanations

2     I've given you about the sentencing process?

3             DEFENDANT CUPIT:  Yes, sir.

4             THE COURT:  Defendant Schenck, have you understood

5     all the explanations I've given you about the sentencing

6     process?

7             DEFENDANT SCHENCK:  Yes, sir, Your Honor.

8             THE COURT:  Defendant Cathey, have you understood all

9     the explanations I've given you about the sentencing process?

10            DEFENDANT CATHEY:  Yes, Your Honor.

11            THE COURT:  Defendant Sides, have you understood all

12    the explanations I've given you about the sentencing process?

13            DEFENDANT SIDES:  Yes, Your Honor.

14            THE COURT:  Defendant Miltonhall, have you understood

15    all the explanations I've given you about the sentencing

16    process?

17            DEFENDANT MILTONHALL:  Yes, Your Honor.

18            THE COURT:  Okay.  The next two things I'm going to

19    review are directed to Defendants Cupit, Schenck, and Cathey.

20    So the three of you listen closely to the things we're going

21    over now.

22        All of you -- the three of you have pleaded guilty to the

23    offense of conspiracy to possess with intent to distribute a

24    controlled substance, and that substance is methamphetamine,

25    in violation of 41, United States Code, Section 846, and 21,

1  United States Code, Sections 841(a)(1) and (b)(1)(B).  The

2  last two offense numbers I gave you are the substantive

3  offenses.

4      For the government to cause any one of you to be convicted

5  of that offense, the government would have to prove to a

6  jury -- let's assume you don't plead guilty.  You persist in

7  your plea of not guilty.  If that were to be the case, for you

8  to be convicted, the government would have to prove to a jury

9  beyond a reasonable doubt each of the things I'm getting ready

10  to go over, and this proof would have to be made as to you,

11  each of you, for you to be convicted.

12      The first thing is that two or more persons directly or

13  indirectly reached an agreement to possess with intent to

14  distribute a controlled substance as charged in the

15  indictment.

16      And, second, that the defendant -- of course, that proof

17  would have to be made separately as to each of you -- knew of

18  the unlawful purpose of the agreement.

19      Third, that the defendant joined in the agreement

20  willfully, that is, with the intent to further its unlawful

21  purpose.

22      And the fourth thing is that the overall scope of the

23  conspiracy involved at least 50 grams of a mixture or

24  substance containing a detectable amount of methamphetamine, a

25  Schedule II controlled substance.

1    Defendant Cupit, do understand those are the things the

2  government would have to prove as to you to cause you to be

3  convicted of the offense charged by Count 1 of the indictment

4  in your case?

5         DEFENDANT CUPIT:  Yes, Your Honor.

6         THE COURT:  And do you admit that those facts existed

7  to you in your case?

8         DEFENDANT CUPIT:  Yes, sir.

9         THE COURT:  Defendant Schenck, do you understand the

10  things I've just gone over are the things the government would

11  have to prove to a jury beyond a reasonable doubt to cause you

12  to be convicted, and that proof would have to be made as to

13  you to cause you to be convicted of the offense charged by the

14  indictment in this case if you were to persist in your plea of

15  not guilty?

16         DEFENDANT SCHENCK:  Yes, sir, Your Honor.

17         THE COURT:  And do you admit that those facts exist

18  as to you?

19         DEFENDANT SCHENCK:  Yes, Your Honor.

20         THE COURT:  Defendant Cathey, do you understand that

21  if you were to persist in your plea of not guilty, for you to

22  be convicted of the offense charged by Count 11 of the

23  indictment in this case, the government would have to prove to

24  a jury beyond a reasonable doubt each of the things that I've

25  just gone over and listed?

1          DEFENDANT CATHEY:  Yes, Your Honor.

2          THE COURT:  And do you admit that all of those

3    factors exist as to you?

4          DEFENDANT CATHEY:  Yes, Your Honor.

5          THE COURT:  The next thing I'm going to review with

6    Defendants Cupit, Schenck and Cathey, are the penalties they

7    are subjecting themselves to by a plea of guilty to the

8    offense charged by Count 1 of the indictment, that is,

9    conspiracy to possess with intent to distribute a controlled

10   substance, that is, methamphetamine.  And those penalties are:

11       A term of imprisonment that would have to be at least five

12   years and could be as much as 40 years, plus, payment of a

13   fine of $5 million, plus, service of a term supervised release

14   that would have to be at least four years and could be as much

15   as life, plus, payment of a fine of $100 -- not a fine, a

16   special assessment of $100, not a fine.

17       Plus, if the defendant were to violate any condition of

18   his supervised release that I mentioned a minute ago, it could

19   be revoked, and the defendant could be sent back to prison and

20   could be required to serve another term of imprisonment that

21   could be as long as the defendant's term of supervised

22   release.

23       Defendant Cupit, do you understand you're subjecting

24   yourself to all those penalties and punishments if you plead

25   guilty to the offense charged by Count 1 of the indictment?

1      DEFENDANT CUPIT:  Yes, sir, I do.

2      THE COURT:  Defendant Schenck, do you understand that

3   you are subjecting yourself to all those penalties and

4   punishments if you plead guilty to the offense charged by

5   Count 1 of the indictment?

6      DEFENDANT SCHENCK:  Yes, sir, Your Honor.

7      THE COURT:  Defendant Cathey, do you understand that

8   you're subjecting yourself to all those penalties and

9   punishments if you plead guilty to the offense charged by

10  Count 1 of the indictment?

11     DEFENDANT CATHEY:  Yes, Your Honor.

12     THE COURT:  Okay.  I'm going to have all of you take

13  your seats now except Defendant Cupit and Mr. Stickels.  We'll

14  be back to you in a minute, and Mr. Stickels and his client

15  will come up to the podium.

16     (Proceedings for Defendants Cupit and Schenck continue but

17  not transcribed at this time.  Proceedings for Defendant

18  Cathey continue as follows:)

19     THE COURT:  Okay.  I'm calling back Shawn Travis

20  Cathey in this same case, 4:15-CR-152-A, and he's back with

21  Mr. Biggs, his attorney.

22     Let me get some personal information about you,

23  Mr. Cathey --

24     (Interruption in proceedings)

25     THE COURT:  I've got the sneezies.

1        What is your age and date of birth?

2            DEFENDANT CATHEY:  I'm 44 years old, and I was born

3    December 20, 1970.

4            THE COURT:  Okay.  And how far did you go in school?

5            DEFENDANT CATHEY:  I completed up to the 9th Grade,

6    10th Grade.

7            THE COURT:  Where did you go to school?

8            DEFENDANT CATHEY:  Trinity High School in Euless,

9    Texas.

10            THE COURT:  What kind of work have you been doing?

11            DEFENDANT CATHEY:  I do construction, sir.

12            THE COURT:  What?

13            DEFENDANT CATHEY:  Construction.

14            THE COURT:  Okay.  Are you under the care of a

15    physician or psychiatrist or anything?

16            DEFENDANT CATHEY:  No, sir.

17            THE COURT:  Have you been at any time in the last six

18    months?

19            DEFENDANT CATHEY:  No, sir.

20            THE COURT:  Have you ever been hospitalized or

21    treated for narcotics addiction or alcoholism?

22            DEFENDANT CATHEY:  No, Your Honor.

23            THE COURT:  As far as you're concerned, do you suffer

24    from any kind of emotional or mental disability or problem?

25            DEFENDANT CATHEY:  No, sir.

1        THE COURT:  Are you now under the influence of

2   alcohol or any kind of drug?

3        DEFENDANT CATHEY:  No, Your Honor.

4        THE COURT:  Do you consider that you're of sound

5   mind, so you know exactly what you're doing, and that is

6   you're here today to plead guilty to the offense charged by

7   the indictment in this case, and that's the offense of

8   conspiracy to possess with intent to distribute a controlled

9   substance?  Do you understand that's why you're here today,

10  and you feel like you're fully competent to do that?

11       DEFENDANT CATHEY:  Yes, Your Honor.

12       THE COURT:  Do you have any reason to think,

13  Mr. Biggs, that your client is not fully competent to enter

14  such a plea?

15       MR. BIGGS:  No, Your Honor.

16       THE COURT:  Or that the entry of such a plea would

17  not be a knowing and voluntary -- would not be knowing and

18  voluntary on the part of your client?

19       DEFENDANT CATHEY:  No, Your Honor.

20       THE COURT:  You have received, Mr. Cathey, a copy of

21  the indictment in this case.  You've read it and understand

22  exactly what you're charged with?

23       DEFENDANT CATHEY:  Yes, Your Honor.

24       THE COURT:  Unless there is a waiver of the reading

25  of it, I'm going to have it read aloud at this time.

1      MR. BIGGS:  We'll waive the reading of the

2  indictment, Your Honor.

3      THE COURT:  I have two documents that have been

4  handed up to me, Mr. Cathey, that appear to bear your

5  signature.  One of them is called a factual resume, and the

6  other is called a proffer interview conditions.  I'll hold

7  them both up so you can see them.

8   Do you see those documents?

9      DEFENDANT CATHEY:  Yes, Your Honor.

10     THE COURT:  Did you sign both of them?

11     DEFENDANT CATHEY:  Yes, Your Honor.

12     THE COURT:  And did you read both of them before you

13  signed them?

14     DEFENDANT CATHEY:  Yes, Your Honor.

15     THE COURT:  And did you discuss each one with your

16  attorney before you signed it to be sure you understood the

17  legal meaning of everything in it?

18     DEFENDANT CATHEY:  Yes, Your Honor.

19     THE COURT:  And did you understand what your attorney

20  told you?

21     DEFENDANT CATHEY:  Yes, Your Honor.

22     THE COURT:  Okay.  I'm going to have this proffer

23  interview conditions considered to be a part of the record of

24  this case.  It's been marked Government's Exhibit 1.  So we'll

25  just consider that a part of the record of this hearing.

1    Have you been satisfied with Mr. Biggs as your attorney?

2        DEFENDANT CATHEY:  Yes, Your Honor.

3        THE COURT:  Do you have any complaint whatsoever with

4    anything he's done or failed to do during the time he's been

5    serving as your attorney?

6        DEFENDANT CATHEY:  No, sir.

7        THE COURT:  And I take it, Mr. Biggs, your client's

8    willingness to plead guilty without a plea agreement is

9    because it's just a one count -- he's just charged in the one

10   count?

11       MR. BIGGS:  Yes, that's correct, Your Honor.

12       THE COURT:  Mr. Cathey, do you have any deal,

13   understanding, or agreement, either directly or through your

14   attorney, with the government?

15       MR. BIGGS:  Your Honor, may I have a moment?

16       THE COURT:  Let me qualify that before you --

17       MR. BIGGS:  Yes, I think that would be helpful.

18       THE COURT:  -- before you confer with him.

19    Let me start over on that question because I know you have

20   this proffer interview conditions agreement.  Other than this

21   proffer interview conditions agreement that we talked about a

22   minute ago that's marked Government's Exhibit 1, do you have

23   any deal, understanding, or agreement, either directly or

24   through your attorney, with the government?

25       DEFENDANT CATHEY:  No, sir.

1      THE COURT:  Has anyone made any promise or assurance

2  to you of any kind in an effort to induce you to enter a plea

3  of guilty in this case?

4      DEFENDANT CATHEY:  No, Your Honor.

5      THE COURT:  Has anyone mentally, physically, or in

6  any other way attempted in any way to force you to plead

7  guilty in this case?

8      DEFENDANT CATHEY:  No, Your Honor.

9      THE COURT:  Do you understand that if you plead

10  guilty and if that plea is accepted by the Court, you will be

11  adjudged guilty of the offense of conspiracy to possess with

12  intent to distribute a controlled substance, and your

13  punishment will be assessed somewhere within the range of

14  punishment provided by statute and your sentence will be

15  within the range provided by statute?  Do you understand those

16  things?

17      DEFENDANT CATHEY:  Yes, Your Honor.

18      THE COURT:  And do you understand that if you plead

19  guilty and then end up getting a sentence that's more severe

20  than you hoped it would be, you will still be bound by your

21  plea of guilty?

22      DEFENDANT CATHEY:  Yes, sir.

23      THE COURT:  With the knowledge you now have, how do

24  you plead to the offense charged by the indictment in this

25  case, guilty or not guilty?

1    DEFENDANT CATHEY:  Guilty, sir.

2    THE COURT:  Is that consistent with your advice to

3 the defendant, Mr. Biggs?

4    MR. BIGGS:  Yes, it is, Your Honor.

5    THE COURT:  Okay.  I'll accept that plea on the

6 condition that there is a factual basis to support it, and at

7 this time I'll ask that the stipulated facts be read aloud.

8    MR. SMITH:  Since approximately January 2015, Shawn

9 Travis Cathey distributed methamphetamine to Celeste Blair and

10 others, usually, on consignment.  In turn, Shawn Cathey

11 received methamphetamine from Rachel Adams.  In this manner,

12 Shawn Travis Cathey, Celeste Monet Blair and Rachel Adams

13 conspired with each other and others to possess with intent to

14 distribute more than 50 grams of methamphetamine.

15    THE COURT:  You've heard the stipulated facts read.

16 Are those facts all true, Mr. Cathey?

17    DEFENDANT CATHEY:  Yes, Your Honor.

18    THE COURT:   Are they consistent with your

19 understanding of the true facts, Mr. Biggs?

20    MR. BIGGS:  Yes, they are, Your Honor.

21    THE COURT:  Okay.  I'll order that the factual resume

22 be filed.

23   The Court finds in the case of United States of America

24 versus Shawn Travis Cathey, that the defendant is fully

25 competent and capable of entering an informed plea and that

1   his plea of guilty to the offense charged by the indictment in

2   this case is a knowing and voluntary plea supported by an

3   independent basis in fact containing each of the essential

4   elements of that offense and that such plea did not result

5   from force, threats, or promises.  His plea of guilty is,

6   therefore, accepted, and he is now adjudged guilty of the

7   offense charged by the indictment in this case.

8        Okay.  The defendant is remanded to custody, and the

9   attorneys are excused.

10       (End of proceedings, 10:30 a.m.)

11                           -oOo-

12

13

14

15

16

17

18

19

20                        CERTIFICATE

21       I certify that the foregoing is a correct transcript from
    the record of proceedings in the above-entitled matter, and
22  that the transcript was prepared by me and under my
    supervision.

23

24  s/  Ana P. Warren                    March 4, 2016
    Ana P. Warren, CSR #2302                  Date
25  U.S. District Court Reporter