CTJ

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**FILED**
**November 02, 2016**
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

United States Court of Appeals
Fifth Circuit
**FILED**
October 11, 2016
Lyle W. Cayce
Clerk

No. 16-10058
Summary Calendar

UNITED STATES OF AMERICA,

            Plaintiff - Appellee

v.

SHAWN TRAVIS CATHEY,

            Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-152-8–A

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

    Shawn Travis Cathey challenges his 360-month, within-Guidelines sentence, imposed following his conviction for conspiring to possess, with intent to distribute, 50 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(B).

    The Guideline-sentencing range applicable to Cathey was 360-480 months' imprisonment. Before sentencing, the Government moved for a

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

downward departure, pursuant to Guideline § 5K1.1, because Cathey provided substantial assistance. That section provides: "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines". U.S.S.G. § 5K1.1.

At sentencing, after the Government called a witness to testify in support of its § 5K1.1 motion, the court stated:

> I find that the defendant did provide substantial assistance to the government in the investigation and prosecution of the criminal activities of others, and that he would be eligible for a sentence below the bottom of the advisory guideline range. Of course, there are a lot of other factors that enter into it, and so I'll hear from [Cathey's attorney] on that subject.

After hearing from Cathey's attorney and Cathey, among others, the court reviewed Cathey's criminal history and the leniency of his prior sentences. The court continued:

> Were it not for the defendant's cooperation, . . . I would be sentencing at the top of the advisory guideline range in this case, the 480 months of imprisonment.
>
> I'm going to reduce what I otherwise would have done to take into account his cooperation with the government, and the sentence I'm going to impose also will take into account all of the factors the Court should consider in sentencing under 18 United States Code Section 3553(a).
> …
> I'm going to sentence him at the bottom of the guideline range at . . . 360 months, which is really a 120-month or 10-year reduction from what his sentence would have been had he not provided the cooperation to the government.

Cathey objected to the sentence as procedurally unreasonable, for "failing to follow the three-step process" in *United States v. Malone*, ___ F.3d ___, No. 14-31426, 2016 WL 3627319, 6 (5th Cir. July 6, 2016). (The original version of *Malone* relied upon by Cathey, 809 F.3d 251 (5th Cir. 2015), was subsequently withdrawn and superseded. However, the portion upon which Cathey relies remains unchanged. *Compare* 809 F.3d at 260–61 *with* 2016 WL 3627319, 6.)

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Cathey contends the court properly granted the Government's § 5K1.1 motion but erred procedurally by simultaneously considering the extent of the § 5K1.1 departure and the 18 U.S.C. § 3553(a) factors.

In *Malone*, this court held a district court in granting the Government's § 5K1.1 motions erred, albeit harmlessly, by conflating the determination of the extent of the departures warranted under § 5K1.1 with consideration of the 18 U.S.C. § 3553(a) factors. 2016 WL 3627319, 6. Cathey asserts the court similarly granted the instant § 5K1.1 motion but erred by considering the § 5K1.1 departure and the § 3553(a) factors simultaneously, when it should have departed downward, before considering the § 3553(a) factors.

In the light of its comments, it is arguable the court did not grant a downward departure. In any event, *Malone* is distinguishable. There, the district court granted downward departures by sentencing defendants below

3

No. 16-10058

their respective sentencing ranges; at issue was whether the court's procedure for determining those departures was erroneous. *See* 2016 WL 3627319 at 3, 6. Our court held the error harmless. *Id.* at 6. While Cathey attempts to distinguish *Malone*'s harmlessness analysis, he ignores the court's explanation for why the sentence was appropriate for Cathey, despite his cooperation with the Government.

In addition, Cathey claims the portion of *Malone* holding the sentencing error harmless is no longer good law in the light of *Molina-Martinez v. United States*. 136 S. Ct. 1338 (2016). There, however, the Court addressed only the showing a defendant must make, on plain-error review, to establish a Guidelines-calculation error affected his substantial rights; the Court did not address whether an error like the one claimed here may be deemed harmless. *Id.* at 1344–49.

Here, even if the court intended to grant the § 5K1.1 motion, any error in imposing Cathey's sentence is harmless: the court recognized its authority to depart below the guidelines range, and the intended sentence was unambiguous. *See United States v. Hashimoto*, 193 F.3d 840, 844–45 (5th Cir. 1999).

AFFIRMED.